**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**ASHLEY TURNER,**

      **Plaintiff,**

**vs.**                                                        **CASE NO. 4:04CV288-MMP/AK**

**OLIVER LOHMAN,**

      **Defendant.**

                                  **/**


**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 against a federal

corrections officer at Federal Correctional Institution in Tallahassee, Florida. (Doc. 1).[1]

Although the complaint is on a form for suits brought by prisoners under 42 U.S.C.

§1983, a § 1983 suit challenges the constitutionality of the actions of state officials and

a Bivens suit challenges the constitutionality of the actions of federal officials. See

---

[1] . "The effect of Bivens was, in essence, to create a remedy against federal
officers, acting under color of federal law, that was analogous to the section 1983 action
against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5th Cir.1980), *cert.
denied,* 450 U.S. 983, 101 S.Ct.1571, 67 L.Ed.2d 819 (1981). Thus, courts generally
apply §1983 law to Bivens cases. *E.g.*, Butz v. Economou, 438 U.S. 478, 500, 98 S.Ct.
2894, 2907, 57 L.Ed.2d 895 (1978).

Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).  Thus, the  Court should

construe the complaint as one brought under 28 U.S.C. §1331 and Bivens.

Defendant has moved to dismiss this cause of action because Plaintiff failed to

exhaust administrative remedies at the institution.  (Doc.28).  Because evidentiary

material was attached to the motion addressing not only the exhaustion issue, but the

underlying claim as well, the Court construed the motion as one for summary judgment

(doc. 31), and ordered Plaintiff to respond.  (Doc. 32).  Plaintiff was granted leave to

conduct some limited discovery (doc. 36), and Defendant provided some documents

and objected to others.  (Doc. 39).  The Court advised Plaintiff that if she wanted to

pursue the documents which the Defendant refused to provide she would have to file a

motion to compel, but otherwise her response to the pending motion for summary

judgment was due on April 21, 2006.  (Doc. 40).  No response has been filed since the

Order.

## I.      Allegations of the complaint (Doc. 1)

Plaintiff claims that Defendant Loman threw two cups of hot coffee on her breast

and chest "after an on-going campaign of verbal harassment and abuse, which was

vindictive, malicious, and willfully retaliatory because Plaintiff did exercise her

constitutional right to access the courts."  (Doc. 1, p.7).

Plaintiff asserts that she tried to exhaust administrative remedies, but she

requested of Unit Counselor Daryl Shepperd and Case Managers John Pritz and John

Thomas the necessary form (BP-8 ½) one week after the assault, but they were "non-

responsive."  Plaintiff claims that the "Prison Captain" delivered her the right form, which

**No. 4:04cv288-mmp/ak**

she completed and gave to Shepperd, but "a constant request about the where-abouts of this remedy has fallen on deaf ears." She asks the Court to waive exhaustion.

## II.     Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

**No. 4:04cv288-mmp/ak**

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**III.     Defendants Rule 56(e) evidence**

a)     Public Information Inmate Data (doc. 30, exhibit 1)

Plaintiff was a federal inmate serving a twelve month sentence for violation of supervised release.  She was released August 31, 2004.

b)     Inmate History Quarters (doc. 30, exhibit 2)

Plaintiff was housed at FCI in Tallahassee from February 15, 2004, until her release on August 31, 2004.

**No. 4:04cv288-mmp/ak**

c)      Inmate Injury Assessment and Followup (doc.30, Exhibit 3)

Assessment form indicates that Plaintiff alleged injury on March 5, 2004, at 6:30 a.m. stating "that Officer Loman closed the food door [indecipherable] and hot coffee falled on my chest."  This statement was signed by Plaintiff.  She "did not give us verbal authorization to medically evaluate her (she was asked 3 times)," so no medical attention was given to her.  Another page shows that her chest had no redness, normal skin color was noted, and there was no injury noted.

d)      Affidavit of Oliver Loman (doc. 30, exhibit 4)

Defendant Loman attests that he is Senior Officer at FCI since May 2, 1993.  On March 5, 2004, he recalls serving breakfast at 6:40 a.m. when he approached Plaintiff's cell and asked her if she was going to eat the evening meal several times and she did not respond.  He closed the food slot and moved on without leaving the meal.  Later he was asked by a physician's assistant to open the food slot so he could talk to her, which Loman did, and continued serving food to others.  Later he heard shouting from Plaintiff's cell and observed her kneeling on the floor screaming obscenities.  Loman closed her food slot because her she was being disruptive.  Loman noted that another officer were serving drinks in the area, but he did not see any drinks sitting on the slot or in Plaintiff's possession.  Loman attests that Plaintiff did not ask to see medical staff and did not complain about an alleged injury.  Loman fully denies that the incident occurred which Plaintiff complains about.

**No. 4:04cv288-mmp/ak**

> e)       Affidavit of Dan Rouse (doc. 30, exhibit 5)

Dan Rouse is Paralegal Specialist at FCI and attests to the three tier process of administrative remedies within the Bureau of Prisons.  He has conducted a computer review of all such remedies which would record any such filings and he could find only three such requests none of which related to the incident she complains of in this lawsuit.  Rouse also attests that there is a procedure for filing for relief directly to the Regional Director if the inmate believes her safety or well being would be in jeopardy if her complaint were known in the institution.

## IV.     Analysis

> a)       Exhaustion

The exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be

**No. 4:04cv288-mmp/ak**

required to name individuals responsible for challenged conduct when he could not yet identify those persons).  Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such.  Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  An inmate must not only commence the grievance process, he must perfect his appeal to the highest administrative level in the process.  Alexander, 159 F.3d at 1323.

The Bureau of Prisons' administrative remedy process involves three levels: (1) an inmate must first file a request for administrative remedy with the institution; (2) if he is dissatisfied with the response, he then must appeal to the Regional Director; and (3) if still dissatisfied, the inmate may appeal to the General Counsel.  28 CFR §542.10.

It is clear that the BOP has an administrative remedy process available to Plaintiff, even providing for a manner of seeking relief from the Regional Director so as to avoid any possible retaliation by staff within the institution.  Plaintiff has come forward with no proof to refute the affidavit of Dan Rouse, who attests that **all** administrative remedies are processed and logged by a computer and he has examined the three requests filed by her and none of them relate to the incident involving Loman and the coffee.  Plaintiff was allowed discovery (docs. 37, 39, 40) and given additional time to respond to Defendant's motion for summary judgment, but she filed no response.  As

**No. 4:04cv288-mmp/ak**

set forth above, the law is that a court must accept the facts set forth in uncontroverted

affidavits as true for purposes of summary judgment, and Plaintiff has come forward

with nothing to refute Rouse's affidavit or the affidavit of Defendant Loman, who denies

completely her allegations of abuse and retaliation.

        b)      <u>No physical injury</u>

Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner

confined in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without a prior showing of physical injury."  42 U.S.C. §

1997e(e).  Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be

*brought*," this circuit has established that the statute limits relief, not causes of action.  If

there is no physical injury alleged, then mental or emotional monetary damages, as well

as punitive damages, cannot be recovered, but declaratory and injunctive relief may be

available.[2]  <u>Harris v. Garner</u>, 216 F.3d 970 (11th Cir. 2000)[3], *reinstating in part* 190 F.3d

1279 (11th Cir. 1999) and <u>Osterback v. Ingram, et al.</u>, No. 00-10558, 263 F.3d 169

(11th Cir. 2001) (Table).  215 F.3d at 1230.

---

    [2] "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated."  <u>Slicker v. Jackson</u>, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* <u>Memphis Comm. Sch. Dist. v. Stachura</u>, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and <u>Carey v. Piphus</u>, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

    [3] <u>Harris v. Garner</u>, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

**No. 4:04cv288-mmp/ak**

The only medical information provided is the injury assessment form which

shows no physical injury.  Again, Plaintiff has not come forward with any evidentiary

material to the contrary.  Thus, her claim for punitive damages must be denied, and she

is entitled to no injunctive relief since she is no longer in the institution and any order

prohibiting further contact by this Defendant would be moot.

Having determined that these two grounds for relief are well taken, it is

unnecessary to address Defendant's other grounds based on immunity and failure to

state a claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's

motion for summary judgment (doc. 29) be **GRANTED**, and this cause  **DISMISSED** for

failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).

**IN CHAMBERS** at Gainesville, Florida, this **27**th day of July, 2006.


**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and
recommendations within 15 days after being served with a copy of this report and
recommendation.  A party may respond to another party's objections within 10 days after
being served with a copy thereof.  Failure to file specific objections limits the scope of
review of proposed factual findings and recommendations.**


**No. 4:04cv288-mmp/ak**